IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ATP OIL & GAS CORPORATION | § | Case No. 12-36187 |
| | § | Chapter 11 |
| | § | |
| DEBTOR. | § | |
| SUPREME SERVICE & SPECIALTY CO., INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | Adversary No. _____ |
| V. | § | |
| | § | |
| ATP OIL & GAS CORPORATION | § | |
| | § | |
| Defendant. | § | |

**SUPREME SERVICE & SPECIALTY CO., INC.'S
COMPLAINT FOR ENFORCEMENT OF LIEN**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

NOW INTO COURT, through undersigned counsel, comes Supreme Service & Specialty Co., Inc. ("Supreme" or "Plaintiff"), a creditor and party in interest, who files this Complaint for Enforcement of Lien ("Complaint") against ATP Oil & Gas Corporation ("Debtor" or "Defendant") as follows:

### I.  Parties

1. Plaintiff is a Louisiana corporation with its principal place of business in Louisiana. Plaintiff is a creditor of the Debtor in the above-captioned bankruptcy case (the "Bankruptcy Case").

2. Defendant is the Debtor, and a debtor-in-possession, in the Bankruptcy Case by virtue of having filed a voluntary petition for relief under chapter 11 of Title 11 of the United

States Code on August 17, 2012 (the "Petition Date"). The Debtor may be served with process by mailing a copy of the summons and this Complaint to the Debtor at the address shown in the petition: 4600 Post Oak Place, Suite 100, Houston, Texas 77027, Attn: Albert L. Reese, Jr. Pursuant to Federal Rule of Bankruptcy Procedure 7004(g), service will also be made on the following counsel of record for the Debtor: Mayer Brown LLP, c/o Charles S. Kelley, 700 Louisiana Street, Suite 3400, Houston, Texas 77002.

## II.   Jurisdiction and Venue

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 because this is a proceeding arising in, arising under or related to the Debtor's chapter 11 bankruptcy filings

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because the chapter 11 case to which this proceeding relates is pending in this district.

## III.   Factual Background

6. Prior to the Petition Date, Supreme provided labor, materials, and/or supplies, (hereinafter "Services") to the Debtor at the request of the Debtor, for and in connection with the operations (as that term is defined in La. Rev. Stat. § 9:4861) of the following oil and/or gas wells by the Debtor, as operator:

   a. MC941 and all wells, including but not limited to the A #1, A #2 and A #4 wells ("941 wells") and MC 942 and all wells, including but not limited to the A #2 and A #3 wells ("942 wells")(the "Subject Wells"), the location of which is described in Exhibits "A-1", "A-2" and "A-4".

   b. Platforms, tanks, leasehold pipelines, and other construction or facilities on the well site and leases;

   c. Movable(s) on the above-described well sites and leases that is used in operations, other than a movable that is only transiently on the well site or lease for repair, testing, or other temporary use;

    d. The tract of land, servitude and lease covering the well site of the operating interest upon which the above-described wells are located, to include Federal Lease OCS-G16661 located #941 and Federal Lease OCS-G24130 located in Mississippi Canyon at Block #942 and described in Exhibits "A-1", "A-2", "A-3", "A-4" and "A-5."

7. The performance of these Services by Supreme for ATP related to operations by ATP on the above described wells and leases is undisputed.

8. As a result of the Services, ATP is indebted to Supreme in the true and correct sum of Nine Hundred Nine Thousand Twenty Four and 94/100 Dollars ($909,024.94), plus interest. These charges are undisputed.

9. On August 14, 2012, Supreme timely and properly filed and recorded a Statement of Privilege (the "Lien") in Plaquemines Parish, Louisiana, in accordance with the Louisiana Oil Well Lien Act, La. Rev. Stat. § 9:4861, et. seq. Attached hereto and incorporated herein for all purposes as **Exhibit 1** is a true and correct copy of the Lien, with copies of the invoices, work orders and/or statements more fully showing and describing the Services, which was filed in Plaquemines Parish, Louisiana. Out of an abundance of caution, Supreme also filed a Statement of Privilege pertaining to each of the above described wells and leases with the Bureau of Ocean Energy Management.

10. On November 15, 2012, Supreme timely and properly filed and recorded an Amended Statement of Privilege (the "Lien") in Plaquemines Parish, Louisiana, in accordance with the Louisiana Oil Well Lien Act, La. Rev. Stat. § 9:4861, et. seq. Attached hereto and incorporated herein for all purposes as **Exhibit 2** is a true and correct copy of the Lien, with copies of the invoices, work orders and/or statements more fully showing and describing the Services, which was filed in Plaquemines Parish, Louisiana. Out of an abundance of caution,

Supreme also filed a Statement of Privilege pertaining to each of the above described wells and leases with the Bureau of Ocean Energy Management.

11. Notice of the Lien was duly provided to the Debtor as required by Louisiana law.

12. Additionally, notice of Supreme's lien claim was provided in accordance with Section 546 of the Bankruptcy Code, when Supreme filed a Notice of Perfection on September 17, 2012 in the Debtor's Chapter 11 Proceeding (Docket No. 377), as amended on November 19, 2012 (Docket No. 877), and as amended on January 14, 2013 (Docket No. 1205).

13. As a consequence of filing the foregoing Statements of Privilege and 546 Notices, as amended, Supreme is a valid lien holder and, as such, is entitled to a judgment against the Debtor recognizing its Lien and recognizing its privileges to be valid and enforceable and otherwise recognizing and enforcing Supreme's privileges against the wells described above and in Exhibits 1 and 2, all as provided by Louisiana law.

14. Additionally, Supreme will be filing a notice of lis pendens in the appropriate Louisiana parishes to put third parties on notice of Supreme's Lien, all in accordance with the Louisiana Oil Well Lien Act, particularly, La. R.S. 9:4865(C).

### IV.  Count 1 – Proceeding to Determine Validity, Priority or Extent of Liens

15. Fed. R. Bankr. P. 7001(2) provides that an adversary proceeding includes "a proceeding to determine the validity, priority, or extent of a lien or other interest in property."

16. Supreme seeks a judgment recognizing its liens as being valid and enforceable liens and privileges against the wells and related leases, equipment, and hydrocarbons, as described above, as provided in Exhibits 1 and 2, and as provided by the Louisiana Oil Well Lien Act; and that the liens secure full payment of the amounts due to Supreme by the Debtor.

WHEREFORE, Supreme prays for judgment in its favor against ATP Oil & Gas Corporation as follows:

(a) Recognizing Supreme's privileges to be valid and enforceable and otherwise recognizing and enforcing Supreme's privileges against the wells and related leases described above and in Exhibit 1 and 2, all as provided by the Louisiana Oil Well Lien Act, and to secure full payment of the amounts owed it by Debtor;

(b) Ordering that Debtor pay all costs of these proceedings;

(c) Ordering the Debtor to pay attorneys' fees; and

(d) Granting any other relief to which Supreme may be entitled.

Respectfully submitted,

SNOW SPENCE GREEN LLP

/s/ Ross Spence
Ross Spence
Texas State Bar No. 18918400
2929 Allen Parkway, Suite 4100
Houston, TX 77019
Direct Line: (713) 335-4832
Telephone: (713) 335-4800
Telecopier: (713) 335-4848
Email: ross@snowspencelaw.com

**ATTORNEYS FOR
SUPREME SERVICE & SPECIALTY
CO. INC.**